J. AL LATHAM, JR. (Cal. State Bar No. 071605)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
allatham@paulhastings.com

JEFFREY D. WOHL (Cal. State Bar No. 96838)
JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441
Telephone: (415) 856-7255
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com

WILLIAM C. BARKER (Georgia State Bar No. 037727)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street NE, Suite 2400
Atlanta, Georgia 30308
Telephone:  (404) 815-2379
Facsimile:  (404) 685-5379
corybarker@paulhastings.com

Attorneys for Defendants
AT&T Corp., Pacific Bell Telephone Company, and
AT&T Communications of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LEWIS LUQUE AND HERMAN RICHARDSON, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., PACIFIC BELL TELEPHONE CO. d/b/a AT&T CALIFORNIA, AND AT&T COMMUNICATIONS OF CALIFORNIA, INC.,<br><br>Defendants. | No. C-09-5885-CRB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants AT&T Corp., Pacific Bell Telephone Company ("Pacific Bell"), and AT&T Communications of California, Inc. ("AT&T Communications"), hereby answer the complaint of plaintiffs Joe Lewis Luque ("Luque") and Herman Richardson ("Richardson") by admitting, denying, and alleging as follows:

## UNTITLED PREAMBLE

Defendants admit that Luque formerly was employed by AT&T Corp. as a supervisor, and that plaintiff Richardson currently is employed by Pacific Bell as a supervisor. Defendants admit that plaintiffs bring this action and are represented by the attorneys appearing on the first and last pages of the complaint. Except as so expressly admitted, defendants deny the untitled preamble of the complaint.

## SECTION TITLES

To the extent that any section title appearing in the complaint includes or implies a factual allegation, defendants deny the allegation.

## NUMBERED PARAGRAPHS

1. Paragraph 1 of the complaint consists of argument, opinion, and hyperbole that require no response from defendants. To the extent a response is necessary, defendants deny paragraph 1 of the complaint.

2. Defendants deny paragraph 2 of the complaint and deny further that they have violated any laws with respect to plaintiffs or any other employee, individually or collectively.

3. Defendants admit that there are several levels to the management structures of AT&T Corp. and Pacific Bell. Except as so expressly admitted, defendants deny paragraph 3 of the complaint (including footnote 1).

4. Defendants deny paragraph 4 of the complaint.

5. Defendants deny paragraph 5 of the complaint.

6. Defendants admit that plaintiffs purport to bring this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Except as so expressly admitted, defendants deny paragraph 6 of the complaint.

7. Defendants deny paragraph 7 of the complaint.

8. Defendants deny paragraph 8 of the complaint

9. Defendants deny paragraph 9 of the complaint

10. Defendants deny paragraph 10 of the complaint.

11. Defendants admit that plaintiffs purportedly seek alleged unpaid compensation, liquidated damages, and/or prejudgment interest, attorneys' fees and costs. Except as so expressly admitted, defendants deny paragraph 11 of the complaint.

12. Defendants admit that plaintiffs purport to bring this lawsuit under the California overtime statutes and regulations and California's unfair competition laws, and that they seek class certification under Rule 23, Federal Rules of Civil Procedure. Except as so expressly admitted, defendants deny paragraph 12 of the complaint.

13. The allegations in paragraph 13 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, defendants admit that plaintiffs assert federal law claims and seek to invoke the subject-matter jurisdiction of this Court pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 201 *et seq.*, and that plaintiffs assert state law claims and seek to invoke supplemental jurisdiction of this Court, pursuant to 28 U.S.C. section 1367. Except as so expressly admitted, defendants deny paragraph 13 of the complaint.

14. Defendants admit that Pacific Bell and AT&T Communications are corporations with principal places of business in California and that conduct commercial activities in California, and that AT&T Corp. conducts commercial activities in California. The remaining allegations in paragraph 14 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, and except as expressly admitted in the first sentence of this response, defendants deny paragraph 14 of the complaint.

15. Defendants admit that venue is proper in this Court. Except as so expressly admitted, defendants deny paragraph 15 of the complaint.

16. The allegations in paragraph 16 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, defendants deny paragraph 16 of the complaint.

17. Defendants lack sufficient knowledge or information to admit or deny the allegation of where Luque resides, and on that basis deny paragraph 17 of the complaint.

18. Defendants admit that Richardson has worked for Pacific Bell since 1990. Defendants lack sufficient knowledge or information to admit or deny the allegation of where Richardson resides, and on that basis denies that allegation of paragraph 18 of the complaint. Except as so expressly admitted or denied, defendants deny paragraph 17 of the complaint.

19. Defendants admit that AT&T Corp. is a subsidiary of AT&T, Inc.; that it is a corporation organized under the laws of the State of New York with its principal place of business in Bedminster, New Jersey; that AT&T Corp. is a telecommunications company that provides various telecommunications services nationwide; that it has business operations in California; and that it employs a number of individuals in California. Except as so expressly admitted, defendants deny paragraph 19 of the complaint.

20. Defendants admit that Pacific Bell is a corporation organized under the laws of the State of California, that its headquarters and principal place of business is in California and that it does business in California as "AT&T California." Except as so expressly admitted, defendants deny paragraph 20 of the complaint.

21. Defendants admit that AT&T Communications is a corporation organized under the laws of the State of California. Except as so expressly admitted, defendants deny paragraph 21 of the complaint.

22. Defendants deny paragraph 22 of the complaint.

23. Defendants admit that AT&T Corp. has thousands of employees nationwide. Except as so expressly admitted, defendants deny paragraph 23 of the complaint.

24. Defendants admit that AT&T Corp. and Pacific Bell are regulated by the Federal Communications Commission and engage in interstate commerce or the delivery of goods and services for commerce. Except as so expressly admitted, defendants deny paragraph 24 of the complaint.

25. Defendants deny paragraph 25 of the complaint.

26. Defendants admit that Luque was employed by AT&T Corp. Except as so expressly admitted, defendants deny paragraph 26 of the complaint.

///

///

27. Defendants admit that Luque retired from employment with AT&T Corp. in September 2009, and that at the time of his retirement he worked in Bakersfield, California. Except as so expressly admitted, defendants deny paragraph 27 of the complaint.

28. Defendants admit that from 1987 to his retirement in 2009, Luque supervised a crew of technicians. Except as so expressly admitted, defendants deny paragraph 28 of the complaint.

29. Defendants deny paragraph 29 of the complaint.

30. Defendants deny paragraph 30 of the complaint.

31. Defendants deny paragraph 31 of the complaint.

32. Defendants deny paragraph 32 of the complaint.

33. Defendants deny paragraph 33 of the complaint.

34. Defendants deny paragraph 34 of the complaint.

35. Defendants deny paragraph 35 of the complaint.

36. Defendants admit that Luque performed required safety and quality inspections of technicians in the field. Except as so expressly admitted, defendants deny paragraph 36 of the complaint are denied.

37. Defendants deny paragraph 37 of the complaint.

38. Defendants deny paragraph 38 of the complaint.

39. Defendants admit that Luque was classified as exempt from the overtime pay requirements of the FLSA and California law. Except as so expressly admitted, defendants deny paragraph 39 of the complaint.

40. Defendants admit that Luque worked more than 8 hours on some work days and that there were occasions when he worked more than 40 hours per week. Except as so expressly admitted, defendants deny paragraph 40 of the complaint.

41. Defendants deny paragraph 41 of the complaint.

42. Defendants deny paragraph 42 of the complaint.

43. Defendants admit that Luque was classified as exempt. Except as so expressly admitted, defendants deny paragraph 43 of the complaint.

///

44. Defendants admit that Luque was classified as exempt. Except as so expressly admitted, defendants deny paragraph 44 of the complaint.

45. Defendants admit that Luque retired from employment with AT&T Corp. in 2009. Except as so expressly admitted, defendants deny paragraph 45 of the complaint.

46. Defendants admit that Richardson began working for Pacific Bell in 1990; that for a time Richardson worked as an outside plant technician and a maintenance splicing technician; and that Richardson's positions as a technician were classified as non-exempt and that he was paid overtime pay. Except as so expressly admitted, defendants deny paragraph 46 of the complaint.

47. Defendants admit that Richardson currently is a first-level manager in Installation and Maintenance and that he supervises a crew of technicians in Fremont, California who perform cable maintenance. Except as so expressly admitted, defendants deny paragraph 47 of the complaint.

48. Defendants admit that Richardson currently supervises a crew of technicians. Except as so expressly admitted, defendants deny paragraph 48 of the complaint.

49. Defendants deny paragraph 49 of the complaint.

50. Defendants deny paragraph 50 of the complaint.

51. Defendants deny paragraph 51 of the complaint.

52. Defendants deny paragraph 52 of the complaint.

53. Defendants deny paragraph 53 of the complaint.

54. Defendants deny paragraph 54 of the complaint.

55. Defendants admit that Richardson performed required safety and quality inspections of technicians in the field. Except as so expressly admitted, defendants deny paragraph 55 of the complaint.

56. Defendants deny paragraph 56 of the complaint.

57. Defendants deny paragraph 57 of the complaint.

58. Defendants admit that Richardson is classified as exempt from the overtime pay requirements of the FLSA and California law. Except as so expressly admitted, defendants deny paragraph 58 of the complaint.

///

1   59.   Defendants admit that Richardson works more than 8 hours on some work days and that there are occasions when he works more than 40 hours per week. Except as so expressly admitted, defendants deny paragraph 59 of the complaint.

60.   Defendants deny paragraph 60 of the complaint.

61.   Defendants deny paragraph 61 of the complaint.

62.   Defendants deny paragraph 62 of the complaint.

63.   Defendants admit that Richardson is classified as exempt. Except as so expressly admitted, paragraph 63 of the complaint are denied.

64.   Defendants admit that Richardson is classified as exempt. Except as so expressly admitted, defendants deny paragraph 64 of the complaint.

65.   Defendants deny paragraph 65 of the complaint.

66.   Defendants deny paragraph 66 of the complaint.

67.   Defendants deny paragraph 67 of the complaint.

68.   Defendants deny paragraph 68 of the complaint.

69.   Defendants deny paragraph 69 of the complaint.

70.   Defendants deny paragraph 70 of the complaint.

71.   Defendants deny paragraph 71 of the complaint.

72.   Defendants deny paragraph 72 of the complaint.

73.   Defendants deny paragraph 73 of the complaint.

74.   Defendants deny paragraph 74 of the complaint.

75.   Defendants deny paragraph 75 of the complaint.

76.   Defendants deny paragraph 76 of the complaint.

77.   Defendants deny paragraph 77 of the complaint.

78.   Defendants deny paragraph 78 of the complaint.

79.   Defendants deny paragraph 79 of the complaint.

80.   Defendants deny paragraph 80 of the complaint.

81.   Defendants deny paragraph 81 of the complaint.

82.   Defendants deny paragraph 82 of the complaint.

83. Defendants deny paragraph 83 of the complaint.

84. Defendants deny paragraph 84 of the complaint.

85. Defendants deny paragraph 85 of the complaint.

86. Defendants deny paragraph 86 of the complaint.

87. Defendants deny paragraph 87 of the complaint.

88. Defendants admit that plaintiffs evaluate or evaluated their technicians' performance and productivity. Except as so expressly admitted, defendants deny paragraph 88 of the complaint.

89. Defendants deny paragraph 89 of the complaint.

90. Defendants deny paragraph 90 of the complaint.

91. Defendants deny paragraph 91 of the complaint.

92. Defendants admit that plaintiffs order or ordered tools and other equipment used by their technicians. Except as so expressly admitted, defendants deny paragraph 92 of the complaint.

93. Defendants deny paragraph 93 of the complaint.

94. Defendants admit that plaintiffs conduct or conducted field training for their technicians. Except as so expressly admitted, paragraph 94 of the complaint are denied.

95. Defendants admit that plaintiffs hold or held regular meetings with their technicians that include safety issues. Except as so expressly admitted, defendants deny paragraph 95 of the complaint.

96. Defendants admit that plaintiffs carry or carried out safety inspections. Except as so expressly admitted, defendants deny paragraph 96 of the complaint.

97. Defendants admit that plaintiffs perform or performed investigations of customer complaints and/or property damage. Except as so expressly admitted, paragraph 97 of the complaint are denied.

98. Defendants deny paragraph 98 of the complaint, including all of its subparagraphs.

99. Defendants admit that plaintiffs are or were paid on a salary basis and are or were not required to maintain time sheets. Except as so expressly admitted, defendants deny paragraph 99 of the complaint.

100. Defendants deny paragraph 100 of the complaint.

101. Defendants deny paragraph 101 of the complaint.

102. Defendants deny paragraph 102 of the complaint.

103. Defendants deny paragraph 103 of the complaint.

104. Defendants deny paragraph 104 of the complaint.

105. Defendants deny paragraph 105 of the complaint.

106. Defendants deny paragraph 106 of the complaint.

107. Defendants deny paragraph 107 of the complaint.

108. Defendants deny paragraph 108 of the complaint.

109. Defendants deny paragraph 109 of the complaint.

110. Defendants admit that plaintiffs purport to bring claims upon behalf of themselves and an allegedly similarly situated class. Except as so expressly admitted, defendants deny paragraph 110 of the complaint.

111. Defendants admit that plaintiffs purport to bring claims upon behalf of themselves and an allegedly similarly situated class. Except as so expressly admitted, defendants deny paragraph 111 of the complaint.

112. Defendants deny paragraph 112 of the complaint.

113. Defendants admit that plaintiffs purport to bring a class action to recover damages under California law. Except as so expressly admitted, defendants deny paragraph 113 of the complaint.

114. Defendants admit that plaintiffs seek to certify a class action as defined in paragraph 114 of the complaint. Except as so expressly admitted, defendants deny paragraph 114 of the complaint and all of its subparagraphs.

115. In response to paragraph 115 of the Complaint, defendants incorporate by reference its responses to paragraphs 1-114 of the complaint.

116. Defendants admit that Pacific Bell and AT&T Corp. are both "employers" under the FLSA; that plaintiffs are "employees" under the FLSA; and that Pacific Bell and AT&T Corp. have gross operating revenues that exceed $500,000 per year. Except as so expressly admitted, defendants deny paragraph 116 of the complaint.

117. Defendants deny paragraph 117 of the complaint.

118. Defendants deny paragraph 118 of the complaint.

1   119.   Defendants deny paragraph 119 of the complaint.

2   120.   Defendants deny paragraph 120 of the complaint.

3   121.   Defendants deny paragraph 121 of the complaint.

4   122.   Defendants deny paragraph 122 of the complaint.

5   123.   Defendants deny paragraph 123 of the complaint and deny further that plaintiffs or the
6   individuals they seek to represent are entitled to the relief alleged or any relief.

7   124.   In response to paragraph 124 of the complaint, defendants incorporate by reference its
8   responses to paragraphs 1-123 of the complaint.

9   125.   Defendants deny paragraph 125 of the complaint.

10  126.   Defendants deny paragraph 126 of the complaint.

11  127.   Defendants deny paragraph 127 of the complaint.

12  128.   Defendants deny paragraph 128 of the complaint and deny further that plaintiffs or the
13  individuals they seek to represent are entitled to the relief alleged or any relief.

14  129.   In response to paragraph 129 of the complaint, defendants incorporate by reference its
15  responses to paragraphs 1-128 of the complaint.

16  130.   Defendants deny paragraph 130 of the complaint.

17  131.   Defendants deny paragraph 131 of the complaint and deny further that plaintiffs or the
18  individuals they seek to represent are entitled to the relief alleged or any relief.

19  132.   Defendants deny paragraph 132 of the complaint and deny further that plaintiffs or the
20  individuals they seek to represent are entitled to the relief alleged or any relief.

21  133.   In response to paragraph 133 of the complaint, defendants incorporate by reference its
22  responses to paragraphs 1-132 of the complaint.

23  134.   Defendants deny paragraph 134 of the complaint.

24  135.   Defendants deny paragraph 135 of the complaint and deny further that plaintiffs or the
25  individuals they seek to represent are entitled to the relief alleged or any relief.

26  136.   Defendants deny paragraph 136 of the complaint and deny further that plaintiffs or the
27  individuals they seek to represent are entitled to the relief alleged or any relief.

28  ///


Case3:09-cv-05885-CRB   Document28   Filed03/24/10   Page11 of 18

137. In response to paragraph 137 of the complaint, defendants incorporate by reference its responses to paragraphs 1-136 of the complaint.

138. Defendants deny paragraph 138 of the complaint.

139. Defendants deny paragraph 139 of the complaint.

140. Defendants deny paragraph 140 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

141. Defendants deny paragraph 141 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

142. Defendants deny paragraph 142 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

143. Defendants deny paragraph 143 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

144. In response to paragraph 144 of the complaint, defendants incorporate by reference its responses to paragraphs 1-143 of the complaint.

145. Defendants deny paragraph 145 of the complaint.

146. Defendants deny paragraph 146 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

147. Defendants deny paragraph 147 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

148. Defendants deny paragraph 148 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

149. Defendants deny paragraph 149 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

150. Defendants deny paragraph 150 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

151. In response to paragraph 151 of the complaint, defendants incorporate by reference its responses to paragraphs 1-150 of the complaint.

///


LEGAL_US_W # 63892190.6         10         ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-09-5885-CRB

152. Defendants deny paragraph 152 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

153. Defendants deny paragraph 153 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

154. Defendants deny paragraph 154 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

155. In response to paragraph 155 of the complaint, defendants incorporate by reference its responses to paragraphs 1-154 of the complaint.

156. Defendants deny paragraph 156 of the complaint.

157. Defendants deny paragraph 157 of the complaint.

158. Defendants deny paragraph 158 of the complaint and deny further that plaintiffs or the individuals they seek to represent are entitled to the relief alleged or any relief.

## **PLAINTIFFS' PRAYER FOR RELIEF**

With respect to the prayer for relief in the complaint, defendants admit that plaintiffs seek the relief stated, but denies that plaintiffs are entitled to that relief or any relief whatsoever, and denies all other allegations contained in the prayer for relief.

## **RESERVATION OF ALL OTHER DENIALS**

Defendants deny each and every allegation in the complaint, whether express or implied, that defendants have not unequivocally and expressly admitted in the answer.

## **DEFENSES**

By way of further answer, defendants raise the following defenses:

1. The complaint, and each of its claims for relief, fails to state a claim upon which relief can be granted.

2. At all times relevant to the complaint, plaintiffs were properly classified as exempt under the FLSA, 29 U.S.C. § 213(a)(1), 29 C.F.R. §§ 541.200—541.201 (administrative exemption), *id.*, §§ 541-100—541.106 (executive exemption); California law, Industrial Welfare Commission Wage Order 4-2001, paragraphs 1(A)(1) (executive exemption) and 1(A)(2) (administrative exemption); and any other applicable exemption.

3. The complaint, and each of its claims for relief, is barred because plaintiffs may have mis-performed their respective duties and/or failed to perform those duties that their employer realistically expected them to perform.

4. The complaint, and each of its claims for relief, fails because plaintiffs did not satisfy and/or breached their statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854 and 2856-2859.

5. Some or all of the time allegedly worked is not compensable pursuant to the provisions of the FLSA or the Portal-to-Portal Act of 1947.

6. Some or all of the time allegedly worked is not compensable under the *de minimis* doctrine.

7. Some or all of the claims for relief brought by plaintiffs are barred in whole or in part by the applicable statutes of limitations, including but not limited to 29 U.S.C. section 255(a); California Code of Civil Procedure sections 337, 338(a), and 340(a); California Business and Professions Code section 17208; and California Labor Code sections 203 and 226. Defendants plead all applicable limitations periods, both as bars and limitations to the claims and requests for relief asserted in the complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in the case.

8. The complaint, and each of its claims for relief, is barred by the doctrines of *res judicata* and collateral estoppel.

9. The claims for relief set forth in the complaint are barred, in whole or in part, by the doctrines of waiver, mootness, estoppel, unclean hands and/or laches.

10. Plaintiffs' claims for relief are barred by the doctrine of avoidable consequences.

11. The claims for relief set forth in the complaint are barred, in whole or in part, by the doctrines of payment and accord and satisfaction because plaintiffs were compensated for all sums legally due under the FLSA and California law.

12. Some or all of plaintiffs' claims for relief are subject to offset, set-off and/or recoupment, including but not necessarily limited to the additional compensation and benefits afforded to plaintiffs.

///

13. The damages claimed by plaintiffs are barred to the extent that they are speculative in nature.

14. Plaintiffs have failed to mitigate or reasonably attempt to mitigate their alleged damages, if any, as required by federal and state law.

15. The complaint, and each of its claims for relief, is barred because any recovery from defendants would result in plaintiffs' unjust enrichment.

16. Plaintiffs' claims for injunctive and other equitable relief are barred because plaintiffs have an adequate and complete remedy at law.

17. Richardson's claim for injunctive relief is barred because he is no longer an employee with Pacific Bell.

18. Plaintiffs' claims for civil, regulatory and/or statutory penalties are barred because plaintiffs did not timely exhaust the administrative prerequisites to filing such claims and/or otherwise failed to comply with all the statutory requirements for bringing such claims under California Labor Code section 2698 *et seq*.

19. Defendants deny that they violated any provision of the FLSA, California wage-and-hour state law, or any other federal or state statutory provisions, and specifically deny that any alleged violations were willful.

20. Any acts or omissions alleged by plaintiffs that give rise to this action were reasonable and not undertaken with reckless disregard to whether such acts or omissions violated the FLSA or California law.

21. Defendants at all times acted in good faith and had reasonable grounds for believing that their alleged actions and omissions were in compliance with the FLSA and California law. Accordingly, no liquidated damages or penalties should be awarded because the alleged actions or omissions were undertaken in good faith and do not constitute a willful violation of the FLSA or California law.

22. The complaint fails to state a claim for penalties under the California Labor Code, including but not limited to Labor Code sections 203 and 226, because there is a good-faith dispute as to defendants' obligation to pay any wages that may be found to be due.

///

23. Any award of civil, regulatory and/or statutory penalties in the circumstances of this case would be unjust, arbitrary, oppressive, and confiscatory, and would violate the due process and excessive fines clauses of the United States and California Constitutions.

24. California Business and Professions Code section 17200 *et seq.*, as stated and as sought to be applied by plaintiffs, violate defendants' rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

25. Plaintiff's claim under California Business and Professions Code section 17200 *et seq.* violates defendants' rights to due process under the United States Constitution and the California Constitution to the extent that the claim for relief does not afford defendants the protections against multiple suits and duplicative liability ordinarily provided by class actions.

26. Plaintiffs' claim under California Business and Professions Code section 17200 *et seq.* is barred because the remedy under the California Business and Professions Code for such actions is limited to restitution and injunctive relief.

27. Plaintiffs are not similarly situated to the members of the alleged classes or opt-in plaintiffs they seek to represent (the "Proposed Classes") and, therefore, plaintiffs cannot satisfy the requirements to maintain this as a class or collective action.

28. Plaintiffs are inadequate representatives of the members of the Proposed Classes.

29. Plaintiffs' claims are neither common to nor typical of those, if any, of the members of the Proposed Classes.

30. Certain interests of plaintiffs are in conflict with the interests of all or some of the members of the Proposed Classes.

31. The types of claims alleged by plaintiffs on behalf of themselves and the members of the Proposed Classes are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

32. Plaintiff has not shown and cannot show that class treatment of the claims alleged in the complaint is superior to other methods of adjudicating the controversy.

33. Because liability and/or damages, if any, to each member of the Proposed Classes may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a class or collective action would violate defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

34. In the event that one or both of the Proposed Classes, or any other class or sub-class, should be certified in this matter, or any individual be allowed to opt into the action, defendants incorporate by reference and re-allege all of its defenses to plaintiffs' individual claims in response to the claims brought on behalf of or asserted by all members of such Proposed Class, other class or sub-class, or opt-in plaintiff.

## **RESERVATION OF THE RIGHT TO RAISE ADDITIONAL DEFENSES**

Defendants reserve the right to raise such additional defenses that may prove applicable during the course of this litigation.

## **RELIEF REQUESTED**

Defendants ask that judgment be entered in their favor and against plaintiffs, dismissing the complaint with prejudice, awarding to plaintiffs no relief on the complaint, and instead awarding to defendants:

1. their costs of suit, including reasonable attorney's fees and other expenses of this litigation; and

2. such further or other relief as the Court deems just and proper.

Dated: March 24, 2010.

J. AL LATHAM, JR.
JEFFREY D. WOHL
JEFFREY P. MICHALOWSKI
WILLIAM C. BARKER
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendants
AT&T Corp., Pacific Bell Telephone Company, and
AT&T Communications of California, Inc.

## DEMAND FOR JURY TRIAL

Defendants AT&T Corp., Pacific Bell Telephone Company, and AT&T Communications of California, Inc., hereby demand trial by jury of all issues triable to a jury.

Dated: March 24, 2010.

J. AL LATHAM, JR.
JEFFREY D. WOHL
JEFFREY P. MICHALOWSKI
WILLIAM C. BARKER
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:  /s/ Jeffrey D. Wohl
      Jeffrey D. Wohl
      Attorneys for Defendants
  AT&T Corp., Pacific Bell Telephone Company, and
    AT&T Communications of California, Inc.

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is 55 Second Street, 24th Floor, San Francisco, California 94105.

On March 24, 2010, I served the foregoing document described as:

- **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

on the interested parties by placing true and correct copies thereof in envelopes addressed as follows:

Andrew Melzer
Sanford Wittels & Heisler, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019

Edmond Clark
Law Office of Edmond Clark
83 Scotland Avenue
Madison, CT 06443

☐ **VIA OVERNIGHT MAIL:**
VIA UNITED PARCEL SERVICE: By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**
The envelopes were then sealed. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. Postal Service on March 24, 2010 with postage thereon fully prepaid, at San Francisco, California.

☐ **VIA PERSONAL DELIVERY:**
I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 24, 2010, at San Francisco, California.

_Meredith Mitchell_
Meredith Mitchell

LEGAL_US_W # 63775296.1

PROOF OF SERVICE
U.S.D.C., N.D. Cal. No. C-09-5885-JL