1    (Counsel for the parties listed on next page)

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   JOE LEWIS LUQUE AND HERMAN RICHARDSON, Individually and On Behalf of | No. C-09-5885-CRB-JCS |
| 12   All Others Similarly Situated, | **CLASS ACTION** |
| 13           Plaintiffs, | **DISCOVERY MATTER** |
| 14       vs. | **JOINT STIPULATION FOR PROTECTIVE ORDER** |
| 15   AT&T CORP., PACIFIC BELL TELEPHONE CO. d/b/a/ AT&T CALIFORNIA AND AT&T | Fed R. Civ. P. 26(c) |
| 16   COMMUNICATIONS OF CALIFORNIA, INC., | N.C. Cal. Civ. L.R. 7-12 |
| 17          Defendants. | Courtroom:   8, 19th floor<br>Judge:        Hon. Charles R. Breyer |

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiffs Joe Lewis Luque and
Herman Richardson *et al.*:

THOMAS MARC LITTON (Cal. State Bar No. 119985)
tlitton@nydclaw.com
SANFORD WITTELS & HEISLER, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone:  (415) 421-4774
Facsimile:  (415) 421-4784

STEVEN L. WITTELS (*pro hac vice*)
swittels@nydclaw.com
SANFORD WITTELS & HEISLER, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10022
Telephone:  (646) 723-2947
Facsimile:  (646) 723-2948

MICHAEL RAM (Cal. State Bar No. 104805)
KARL OLSON (Cal. State Bar No. 104760)
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311
mram@ramolson.com
kolson@ramolson.com

EDMOND CLARK (Conn. State Bar No. 418915)
LAW OFFICE OF EDMOND CLARK
83 Scotland Avenue
Madison, Connecticut  06443
Telephone:  (203) 245-4602
Facsimile:  (203) 245-9734
Eclarkmadisonlaw@aol.com

LEGAL_US_W # 65191462.1

1    Attorneys for Defendants
     AT&T Corp., Pacific Bell Telephone Company,
2    and AT&T Communications of California, Inc.:

3    J. AL LATHAM, JR. (Cal. State Bar No. 71605)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
4    515 South Flower Street, 25th Floor
     Los Angeles, California 90071-2228
5    Telephone:  (213) 683-6000
     Facsimile:  (213) 627-0705
6    allatham@paulhastings.com

7    JEFFREY D. WOHL (Cal. State Bar No. 9638)
     JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
8    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     55 Second Street, 24th Floor
9    San Francisco, California 94105-3441
     Telephone:  (415) 856-7000
10   Facsimile:  (415) 856-7100
     jeffwohl@paulhastings.com
11   jeffmichalowski@paulhastings.com

12   WILLIAM C. BARKER (Ga. State Bar No. 037727)
     *Pro Hac Vice*
13   PAUL, HASTINGS, JANOFSKY & WALKER LLP
     600 Peachtree Street NE, Suite 2400
14   Atlanta, Georgia 30308
     Telephone:  (404) 815-2400
15   Facsimile:  (404) 815-2424
     corybarker@paulhastings.com

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 65191462.1

## STIPULATION

Plaintiffs Joe Lewis Luque and Herman Richardson and defendants AT&T Corp., Pacific Bell Telephone Company, and AT&T Communications of California, Inc., acting by and through their attorneys of record, stipulate to the Court's entering the following as the Protective Order in this action:

## Recitals

A.     At least some of the documents, testimony, and other information being sought from Defendants through discovery in this action contain confidential and/or private information regarding individuals who are not parties to this matter, trade secret or other confidential research, technical, cost, price, customer records or data, marketing or other commercial information, as is contemplated by Rule 26(c)(1)(G), Federal Rules of Civil Procedure.

B.     The purpose of this Protective Order is to protect the confidentiality of such documents and information as much as practical during the litigation.

Based on these recitals, the parties agree as follows:

## DEFINITIONS

1.     "Discovery Materials" includes, but will not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes and other physical objects; responses to interrogatories, responses to requests for admissions, deposition testimony, trial testimony, transcripts of deposition or trial testimony, and other discovery responses; and data, summaries, and compilations derived therefrom.

2.     "Confidential Information" means and includes information contained or disclosed in any Discovery Materials that constitutes confidential and/or private information regarding individuals who are not parties to this matter, trade secret or other confidential research, technical, cost, price, customer

records or data, marketing or other commercial information, as is contemplated by Rule 26(c)(1)(G), Federal Rules of Civil Procedure.

3.   "Counsel" means:

a.   outside counsel of record, co-counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of Sanford Wittels & Heisler LLP and Paul, Hastings, Janofsky & Walker LLP; and

b.   in-house attorneys, paralegals, legal secretaries, and other legal support staff for Defendants.

**GENERAL RULES**

4.   Each party to this litigation that produces or discloses any Discovery Materials that the producing party believes contains Confidential Information may designate the same as "CONFIDENTIAL."

5.   Any party may designate Discovery Materials as "CONFIDENTIAL" only if, in the good-faith belief of such party and its counsel, the unrestricted disclosure of the Confidential Information in such materials could be prejudicial to the business or operations of such party or to the privacy rights of third-party individuals.

6.   In the event the producing party elects to produce Discovery Materials for inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all Discovery Materials produced will be considered as "CONFIDENTIAL," and will be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified Discovery Materials for copying by the inspecting party, the producing party will, within a reasonable time prior to producing those Discovery Materials to the inspecting party, mark the copies of those Discovery Materials with the appropriate confidentiality marking.

7.   Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.   said deposition or portions thereof will be designated as containing Confidential Information subject to the provisions of this Order; such designation will be made on the record whenever possible, but a party may designate portions of

- 2 -

depositions as containing Confidential Information after transcription of the proceedings; a party will have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL"; and

b.    the originals of said deposition transcripts and all copies thereof will bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing will not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8.    All Discovery Materials designated as "CONFIDENTIAL" will not be disclosed by the receiving party to anyone other than those persons designated herein and will be handled in the manner set forth below and, in any event, will not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9.    Discovery Materials designated "CONFIDENTIAL" will be viewed only by Counsel of the receiving party and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A:

a.    the named and opt-in plaintiffs in this action and any individual called to provide testimony in this action;

b.    independent experts retained by the parties;

c.    managing agents for defendants who are required to participate in policy decisions with reference to this action;

d.    technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

e.    stenographic and clerical employees associated with the individuals identified above.

LEGAL_US_W # 65191462.1

10. With respect to Discovery Materials designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11. All Discovery Materials that have been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, will be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any Discovery Materials that are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such materials will seek permission of the Court to file the materials under seal pursuant to Local Rule 79-5. All Discovery Materials filed with the Court under seal may be viewed by the Court and its personnel.

13. At any stage of these proceedings, any party may object to a designation of Discovery Materials as Confidential Information. The party objecting to confidentiality will notify, in writing, Counsel for the designating party of the objected-to Discovery Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Discovery Materials at issue will be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information will be held in confidence by those inspecting or receiving it, and will be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information will take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

LEGAL_US_W # 65191462.1

15.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.     If a party, through inadvertence, produces any Discovery Materials containing Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the Discovery Materials are deemed Confidential Information, and that the Discovery Materials should be treated as such in accordance with that designation under this Order.  The receiving party must treat the Discovery Materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the Discovery Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Discovery Materials as "CONFIDENTIAL."

17.     Nothing herein will prejudice the right of any party to object to the production of any Discovery Materials on the grounds that the materials are protected as privileged or as attorney work product.

18.     Nothing in this Order will bar Counsel from rendering advice to their client with respect to this action and, in the course thereof, relying upon any Discovery Materials designated as Confidential Information, provided that the contents of the materials will not be disclosed unless the client has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A.

19.     This Order will be without prejudice to the right of any party to oppose production of any Discovery Materials for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order will not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing herein will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.  If the receiving party is required by law or by order of the Court to disclose any Confidential Information, the receiving party shall notify the

LEGAL_US_W # 65191462.1

designating party in writing of the required disclosure at least five (5) days before disclosing any Confidential Information.

21.     Upon final termination of this action, including any and all appeals, Counsel for each party will, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or will destroy same at the option of the receiving party, and will purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product that contains Confidential Information need not be destroyed, but, if it is not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth herein will not apply to any Discovery Materials that:

a.     the parties agree should not be designated Confidential Information; or

b.     the parties agree, or the Court rules, already are within public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order.

23.     The restrictions and obligations herein will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24.     Transmission by facsimile is acceptable for all notification purposes herein.

25.     This Order may be modified by agreement of the parties, subject to approval by the Court.

26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

The parties respectfully request the Court enter this Protective Order.

1

Dated:  July 9, 2010.                    THOMAS MARC LITTON

2                                         STEVEN L. WITTELS
                                          JANETTE WIPPER
3                                         TUSHAR J. SHETH
                                          SANFORD WITTELS & HEISLER, LLP
4
                                          MICHAEL RAM
5                                         KARL OLSON
                                          RAM & OLSON LLP
6
                                          EDMOND CLARK
7                                         LAW OFFICE OF EDMOND CLARK

8
                                          By:/s/ Janette Wipper
9                                         _____
                                                  Janette Wipper
10                                        Attorneys for Plaintiffs Joe Lewis Luque &
                                          Herman Richardson, *et al.*

11

Dated:  July 9, 2010.                    J. AL LATHAM, JR.

12                                        JEFFREY D. WOHL
                                          JEFFREY P. MICHALOWSKI
13                                        WILLIAM C. BARKER
                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP
14

15                                        By:/s/William C. Barker
                                          _____
16                                                William C. Barker
                                          Attorneys for Defendants AT&T Corp., Pacific
17                                        Bell Telephone Company, and AT&T
                                          Communications of California, Inc.

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 65191462.1

1

**<u>ORDER</u>**

2

Pursuant to the parties' stipulation, and good cause appearing therefor,

3

IT IS SO ORDERED.

4

Dated:  July ■ 14, 2010.



5

Charles R. Breyer
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LEWIS LUQUE AND HERMAN RICHARDSON, Individually and On Behalf of All Others Similarly Situated | No. C-09-5885-CRB |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| AT&T CORP., PACIFIC BELL TELEPHONE CO. d/b/a AT&T CALIFORNIA, AND AT&T COMMUNICATIONS OF CALIFORNIA, INC., | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EXHIBIT A

I, _____, declare and say that:

1.      I   am   employed   as   _____   by

_____.

2.      I have read the Protective Order entered in Joe Lewis *Luque and Herman Richardson, et al. v. AT&T Corp., et al*., and have received a copy of the Protective Order.

3.      I promise that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraphs 3 and 9 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the U.S. District Court for the Northern District of California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: _____.      _____