1  *Counsel listed on next page*

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JOE LEWIS LUQUE AND HERMAN | No. 09-05885-CRB |
| RICHARDSON, individually and on Behalf | |
| 12  of All Others Similarly Situated, | [CLASS ACTION] |
| 13                        Plaintiffs, | **JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE** |
| 14            vs. | |
| 15  AT&T CORP., PACIFIC BELL | Date:      October 12, 2012 |
| TELEPHONE CO., d/b/a AT&T | Time:      10:00AM |
| 16  CALIFORNIA, and AT&T | Ctrm:      6, 17th Floor |
| COMMUNICATIONS OF CALIFORNIA, | Judge:     Charles R. Breyer |
| 17  INC., | |
| 18                        Defendants. | |

19

20

21

22

23

24

25

26

27

28

1

2   Attorneys for Plaintiffs Joe Lewis Luque and Herman Richardson:

3   JEREMY HEISLER (N.Y. State Bar No. 1653484) (*Pro Hac Vice*)
    SANFORD HEISLER, LLP
4   1350 Avenue of the Americas, 31st Floor
    New York, New York  10022
5   Telephone:  (646) 402-5650
    Facsimile:  (646) 402-5651
6   jheisler@sanfordheisler.com

7   JANETTE WIPPER (Cal. State Bar No. 275264)
    SANFORD HEISLER, LLP
8   555 Montgomery Street, Suite 1206
    San Francisco, California 94111
9   Telephone: (415) 795-2020
    Facsimile: (415) 795-2021
10  jwipper@sanfordheisler.com

11
    DAVID SANFORD (DC Bar No. 457933)(*Pro Hac Vice*)
12  SANFORD HEISLER, LLP
    1666 Connecticut Ave NW
13  Suite 300
    Washington, DC 20009
14  Telephone: (202) 499-5200
    Facsimile: (202) 499-5199
15  dsanford@sanfordheisler.com

16
    MICHAEL RAM (Cal. State Bar No.104805)
17  KARL OLSON (Cal. State Bar No. 104760)
    RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
18  555 Montgomery Street, Suite 820
    San Francisco, California  94111
19  Telephone:  (415) 433-4949
    Facsimile:  (415) 433-7311
20  mram@rocklawcal.com
    kolson@rocklawcal.com
21
    EDMOND CLARK (Conn. State Bar No. 418915) (*Pro Hac Vice*)
22  LAW OFFICE OF EDMOND CLARK
    83 Scotland Avenue
23  Madison, Connecticut  06443
    Telephone:  (203) 245-4602
24  Facsimile:  (203) 245-9734
    eclarkmadisonlaw@aol.com
25

26

27

28

1

2   Attorneys for Defendants AT&T Corp., Pacific Bell Telephone Company, and
    AT&T Communications of California, Inc.:

3
    J. AL LATHAM, JR. (Cal. State Bar No. 71605)
4   PAUL HASTINGS LLP
    515 South Flower Street, 25th Floor
5   Los Angeles, California  90071
    Telephone: (213) 683-6000
6   Facsimile:  (213) 627-0705
    allatham@paulhastings.com
7
    JEFFREY D. WOHL (Cal. State Bar No. 96838)
8   JEFF MICHALOWSKI (Cal. State Bar No. 248073)
    PAUL HASTINGS LLP
9   55 Second Street, 24th Floor
    San Francisco, California  94105
10  Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
11  jeffwohl@paulhastings.com
    jeffmichalowski@paulhastings.com
12
    WILLIAM C. BARKER (Ga. State Bar No. 037727) (*Pro Hac Vice*)
13  PAUL HASTINGS LLP
    600 Peachtree Street, N.E.
14  Atlanta, Georgia  30308
    Telephone:  (404) 815-2400
15  Facsimile:  (404) 815-2424
    corybarker@paulhastings.com
16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Joe Lewis Luque and Herman Richardson ("Plaintiffs"), on the one hand, and defendants AT&T Corp., Pacific Bell Telephone Company, and AT&T Communications of California, Inc. ("Defendants"), on the other hand (collectively "the Parties" and each a "Party"), by and through their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release (this "Settlement").

I.    **DEFINITIONS**

In addition to other terms defined elsewhere in the Settlement, as used in this Settlement, the terms below have the following meanings:

1.    "Action" means the civil action entitled *Joe Lewis Luque, et al., Plaintiffs, vs. AT&T Corp., et al., Defendants,* No. 09-05885-CRB (JCS)*,* pending in the U.S. District Court for the Northern District of California.

2.    "Class" and "Class Members" mean all persons who have been employed by Defendants at any time from December 16, 2005, through May 3, 2012, as first-level managers of outside technicians in California as specified in this paragraph.  The Class consists of Pacific Bell Telephone Company employees in California holding the positions Manager Construction & Engineering ("C&E Field Manager"); Manager Network Services in Installation & Maintenance ("I&M Field Manager"); and/or Manager Network Services in U-verse ("U-verse Field Manager"); and/or AT&T Corp. employees in California holding the position Manager Network Operations Center ("T Corp Field Manager") who, while holding these position(s), supervised outside technicians in one of the following titles: Network Technical Specialist, Network Technical Specialist-G, Communications Technician Toll, Company Telecommunications Technician, Outside Plant Technician, Premises Technician, Splicing Technician, Systems Technician, Services Technician, Antenna Technician, and Cable Locator (collectively "the Class Positions").

3.    "Class Counsel" means David Sanford,Janette Wipper and Jeremy Heisler of Sanford Heisler, LLP.

4.    "Class Period" means December 16, 2005, through May 3, 2012.

5.    "Class Representatives" means Plaintiffs Joe Lewis Luque and Herman Richardson.

6.     "Compensable Workweeks" means all workweeks during which Class Members received pay for work performed (*i.e.*, were not on sick leave or other leave of absence) or were on vacation while employed by Defendants in a Class Position at any time from December 16, 2005, through May 3, 2012.

7.     "Consent and Claim Form" means the forms attached as Exhibits B, C, D, E, and F to this Stipulation.  Following District Court approval, each Class Member must submit to the Settlement Administrator the applicable Consent and Claim Form, and sign each document included therein in the form provided and without modification, to receive their Settlement Shares as follows:

Exhibit B:  for Class Members who are no longer employed by Defendants in a Class Position.

Exhibit C:  for Class Members who are employed by Defendants as a C&E Field Manager.

Exhibit D:  for Class Members who are employed by Defendants as an I&M Field Manager.

Exhibit E:  for Class Members who are employed by Defendants as a U-verse Field Manager.

Exhibit F:  for Class Members who are employed by Defendants as a T Corp Field Manager.

8.     "District Court" means the U.S. District Court for the Northern District of California.

9.     "Exclusion Form" means the form attached as Exhibit G to this Stipulation, which, following District Court approval, Class Members must submit to the Settlement Administrator to exclude themselves from this Settlement.

10.     "Final" means that the Settlement has been finally approved by the District Court without material modification (except as allowed by sections 29 and 31) and either (i) the applicable date for seeking appellate review of the District Court's final approval of the Settlement has passed without a timely appeal or request for review having been made; (ii) the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") or the U.S. Supreme Court ("Supreme Court") has rendered a final judgment affirming the District Court's final approval without material modification (except as allowed by sections 29 and 31), and the time for any further appeal has expired or (iii) appellate review has been sought but is dismissed without material modification (except as allowed by sections 29 and 31) prior to the entry of a final judgment by the Ninth Circuit or the Supreme Court and the time for any further appeal has expired.

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

11.     "Final Approval Hearing" means the hearing to be conducted by the District Court to determine whether to finally approve and implement the terms of this Settlement.

12.     "Maximum Payment" will mean the gross sum of $18,920,325 payable by Defendants pursuant to this Settlement.

13.     "Notice" means the Notice of Proposed Class Action Settlement attached as Exhibit A to this Stipulation, which, following District Court approval, the Settlement Administrator will mail to each Class Member, explaining the terms of the Settlement and the claims process.

14.     "Plaintiffs" mean plaintiffs Joe Lewis Luque and Herman Richardson.

15.     "Participating Class Members" means those Class Members who submit timely and valid Consent and Claim Forms that are fully executed where indicated.

16.     "Settlement Administrator" means Kurtzman Carson Consultants LLC, or an administrator mutually agreed to by the Parties and approved by the District Court, which will perform the duties of: (i) preparing the Consent and Claim Forms with the number of Compensable Workweeks for each Class Member; (ii) mailing the Notice, Consent and Claim Forms, and Exclusion Forms to Class Members; (iii) tracking returned Notices, Consent and Claim Forms, and Exclusion Forms; (iv) sending out cure letters, sending out reminder notices, and making follow-up phone calls to Class Members as necessary; (v) notifying the Parties of timely and untimely claims; (vi) calculating the Settlement Shares for each Class Member pursuant to the Settlement; (vii) notifying the Parties of and helping to resolve any disputes regarding claims by the Class Members; (viii) providing settlement payments, along with IRS Forms W-2 and 1099, to the Class Members who submit timely and valid Consent and Claim Forms, and to the taxing authorities; (ix) utilizing the National Change of Address Database maintained by the U.S. Postal Service and/or mail forwarding information and/or skip tracing methods as reasonable to update the mailing list and take steps to send notice to current mailing addresses; and (x) performing such other duties as are described herein.

17.     "Settlement Share" is the share of the Settlement proceeds to which a Class Member is entitled if he or she complies with the claims process set forth in the Settlement.

II.     **RECITALS**

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

18.     On December 16, 2009, Plaintiffs commenced the Action against Defendants in the District Court.  Plaintiffs alleged that they and the members of the Class were misclassified as exempt from California and federal overtime laws and not paid compensation for overtime hours they worked. Plaintiffs further alleged that Defendants failed to make, keep, and provide accurate time records, failed to furnish wage statements, failed to keep payroll records reflecting hours worked, failed to provide meal periods, failed to authorize and permit rest periods, failed to pay all wages due at time of termination, and engaged in unfair competition in violation of California law.  The Action alleged Plaintiffs were entitled to recovery of unpaid overtime and other relief, including interest, liquidated damages, penalties, attorneys' fees, and costs.

19.     On March 24, 2010, Defendants filed their answer to Plaintiffs' complaint, disputing and denying Plaintiffs' material allegations, maintaining that the District Court should not certify the class proposed by Plaintiffs, and raising various defenses.

20.     On May 6, 2010, Plaintiffs filed a Motion for Conditional Collective Action Certification and Issuance of Notice to the Collective Action Class (the "Conditional Certification Motion").

21.     On August 27, 2010, Defendants filed their opposition to the Conditional Certification Motion.

22.     On November 19, 2010, the District Court granted the Conditional Certification Motion, conditionally certifying a federal Fair Labor Standards Act ("FLSA") class of "[all] Field Managers employed by PacBell and/or AT&T in the State of California from December 2006 and thereafter" pursuant to 29 U.S.C. section 216(b).  There are currently 594 opt-in Plaintiffs in the conditionally certified FLSA class.

23.     The Parties have conducted an in-depth investigation regarding the suitability of Plaintiffs' claims for class treatment, the adequacy of Plaintiffs to represent the proposed Class, other class certification requirements, and the merits of the liability issues.  The Parties' investigation consisted of: (1) propounding extensive written discovery, consisting of requests for production of documents and interrogatories; (2) responding to approximately 100 sets of requests for production of documents and 100 sets of interrogatories; (3) taking 42 opt-in depositions, multiple  corporate 30(b)(6)

depositions and one expert deposition; (4) conducting a survey of individuals in relevant job titles regarding their work hours and job duties; (5) submitting expert reports; (6) interviewing witnesses; and (7) reviewing and analyzing over a million pages of documents and electronic data provided by the Parties, including job descriptions, employee records, and payroll data, among other things.

24.    On September 18, 2011, the parties participated in a full-day mediation before a well-respected class action mediator, David A. Rotman of Gregorio, Haldeman & Rotman.

25.    On April 19, 2012, the parties participated in a second full-day mediation before David A. Rotman.  After good-faith, arm's-length negotiations, the parties reached an agreement to settle the Action pursuant to the terms and conditions set forth below.  Based on their own independent investigation and evaluation, Class Counsel believe that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and the defenses asserted by Defendants.  Defendants agree that the Settlement is fair, reasonable, and adequate.

III.    **TERMS OF SETTLEMENT**

26.    **Certification of Rule 23 Class and FLSA Class.**  For purposes of this Settlement only, a class of individuals may be certified under Rule 23(b)(3), Federal Rules of Civil Procedure, with respect to the California state-law claims asserted in the Action under Wage Order No. 4-2001; Cal. Lab. Code sections 201, 202, 226, 226.7, 510, 512, 1194, *et seq.*, and California Business and Professions Code sections 17200-17208.  For purposes of this Settlement only, the Parties also stipulate that Class Members are "similarly situated" under section 216(b) of the Fair Labor Standards Act.  If for any reason the Settlement is not approved, this stipulation for class certification and "similarly situated" stipulation will automatically become null and void and will have no force or effect, and the Parties will be restored to their positions before this Settlement was reached.  This class certification and "similarly situated" stipulation for settlement purposes under the standard applied to settlements is in no way an admission that class certification is proper under the manageability and other standards applied for litigation purposes.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).  Evidence of this

limited stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

27.  **Maximum Payment.**   The Maximum Payment that Defendants are responsible for paying under this Settlement is $18,920,325.  From this amount, the following payments will be made, subject to District Court approval: (1) Participating Class Members' Settlement Shares; (2) an amount sufficient to pay the employer share of FICA, FUTA, SUTA, and other payroll withholdings due, pursuant to federal, state and/or local law, on that portion of Participating Class Members' Settlement Shares allocated to wages as provided in this Settlement; (3) service payments to the Class Representatives and other Participating Class Members who are designated below to receive such payments (not to exceed $10,000 per individual); (4) a $20,000 payment to the State of California Labor and Workforce Development Agency ("LWDA") pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*; (5) Class Counsel's reasonable attorneys' fees and expenses (not to exceed 33.33% of the Maximum Payment); and (6) the reasonable expenses of the Settlement Administrator in administering the Settlement.

28.  **Calculation of Settlement Shares and Related Matters.**

a.  **Calculation of Settlement Shares.**   After deducting from the Maximum Payment the amount sufficient to cover the employer share of FICA, FUTA, SUTA and other payroll contributions due, pursuant to federal, state and/or local law, on the portion of Participating Class Members' Settlement Shares allocated to wages, service payments, the payment to the LWDA, Class Counsels' attorneys' fees and expenses, and the settlement administration expenses incurred by the Settlement Administrator, the balance of the Maximum Payment (the "Net Settlement Amount") will be allocated to Participating Class Members as their Settlement Shares. The Settlement Shares will be calculated by dividing the Net Settlement Amount by the total number of Compensable Workweeks worked by Participating Class Members.  A Participating Class Member is entitled to his or her Settlement Share only if he or she fully complies with the claims process under this Settlement, including, but not limited to, submitting a Consent and Claim Form that is completed in its entirety, without modification.  Class Counsel have furnished Defendants with information based on Defendants'

records and other information available from Class Members which verify the number of Compensable Workweeks through May 3, 2012 and explaining the process by which the number of Compensable Workweeks was determined.

b.      **Tax Allocation and Benefits.**  Of each Settlement Share, 50% will be allocated as payment in settlement of the Class Member's disputed claims for wages and will be subject to IRS Form W-2 reporting.  Therefore, appropriate payroll taxes and withholdings will be deducted pursuant to federal, state and/or local law and remitted to the taxing authorities.  The employer portion of payroll taxes and withholdings on these amounts (FICA, FUTA, SUTA, and similar required payments) will be calculated and paid from the Maximum Payment.  The remaining 50% of the Settlement Share will be allocated as payment in settlement of the Class Member's disputed claims for interest, liquidated damages, and penalties.  Participating Class Members will be issued an IRS Form 1099 for that portion of the payments, and no payroll or tax withholding will be made from these payments.  The Participating Class Members will be responsible for correctly reporting the settlement payments for tax purposes and paying any taxes owing on said amounts.  The Participating Class Members will not make any claims against Defendants or any other person based on how Defendants report the Settlement Shares or withhold taxes from them. The Participating Class Members also will not make any claims against Defendants or any other person if an adverse determination is made as to the tax treatment of the Settlement Shares and acknowledge that Defendants have no duty to try to prevent an adverse determination.  No payments made pursuant to this Settlement will be treated as eligible compensation for benefit plan purposes or otherwise be eligible for treatment or inclusion in any benefit plan applicable to employees of Defendants.  The Participating Class Members acknowledge and agree that Defendants have not provided any tax advice regarding this Settlement.

c.      **Disposition of Settlement Shares for Class Members Who File Exclusion Forms.**  The Net Settlement Amount will be reduced by the Settlement Share otherwise attributable to any Class Member who submits an Exclusion Form.  No other Class Member will have any claim to that Settlement Share.

29.     **Service Payments.**  Subject to District Court approval and the execution of a Consent and Claim Form, Defendants agree to pay each of the Class Representatives and opt-in deponents (the "Other Service Payment Recipients"), service payments in the following amounts: Class Representatives, $10,000 each; Paul Jenvey, Lee Seronello and Tom Norton, $5,000 each; and remaining opt-in deponents, $2,500 each, to be paid from the Maximum Payment, in recognition for their service in the Action, in addition to any payment they may otherwise receive as Participating Class Members.  Defendants will not oppose Plaintiffs' request for service payments in these amounts, so long as no service payment to any one Service Payment Recipient exceeds $10,000.  Any reduction by the District Court in the requested service payments shall not be a basis for rendering the entire Settlement voidable or unenforceable.  These service payments will be reported to the taxing authorities by means of an IRS Form 1099.  The Class Representatives and Other Service Payment Recipients will not make any claims against Defendants or any other person based on how Defendants report the service payments or withhold taxes from them.  The Class Representatives and Other Service Payment Recipients also will not make any claims against Defendants or any other person if an adverse determination is made as to the tax treatment of the service payments and acknowledge that Defendants have no duty to try to prevent such an adverse determination.  The Class Representatives and Other Service Payment Recipients acknowledge and agree that Defendants have not provided any tax advice regarding this Settlement.

30.     **Payment to LWDA.**  The Settlement Administrator will pay from the Maximum Payment $20,000.00 to the LWDA, pursuant to PAGA, to cover any and all claims for civil penalties that were or could have been brought in the Action.

31.     **Attorneys' Fees and Costs.**  Plaintiffs will request, and Defendants will not oppose, an award of Class Counsel's attorneys' fees and reasonable litigation expenses not to exceed 33.33% of the Maximum Payment (or $6,306,144) to compensate Class Counsel for all of the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing District Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining dismissal of the Action.  Any reduction by the District

Court in the attorneys' fees and expenses awarded to Class Counsel will not be a basis for rendering the entire Settlement voidable or unenforceable. Class Counsel's attorneys' fees and expenses will be reported to the taxing authorities by means of an IRS Form 1099 issued to Class Counsel.

32.    **Costs of Settlement Administration.** The Settlement Administrator will pay from the Maximum Payment its reasonable fees and expenses incurred in administering the Settlement, as approved by the District Court. Those fees and expenses currently are estimated to be $55,000.

33.    **Distribution to Class Members.**

a.    **Submission of Consent and Claim Forms.** Settlement Shares and Service Payments will be paid only to Participating Class Members, who by definition are Class Members submitting timely and valid Consent and Claim forms, without modification, that have been fully executed where indicated. To be timely, the Consent and Claim Forms must be submitted by the deadline indicated on the Notice by mail, facsimile, or e-mail. To be valid, Consent and Claim Forms must be completed in full, without modification, signed where indicated, and returned to the Settlement Administrator by the deadline (if mailed, bearing a postmark by the deadline).

b.    **Failure of Sufficient Class Members to Execute the Required Consent and Claim Forms.** If 10% or more of the total number of Class Members fail to execute the required Consent and Claim Form, then Defendants will have the unilateral right at their sole discretion to void this Settlement in its entirety. If the Settlement is voided by Defendants, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration, which costs shall be borne by Defendants. Further, if the Settlement is voided, any documents executed by Class Members including but not limited to Releases of Claims, Arbitration Agreements, and Job Duties Affirmations will be null and void and cannot be used for any purpose.

c.    **Due Date for Settlement Payments.** Within thirty (30) calendar days after the Settlement becomes Final, the Settlement Administrator will remit the Settlement Shares to the Participating Class Members, the Service Payments to the Class Representatives and Other Service Payment Recipients, the payment to the LWDA, and the payments to Class Counsel for their approved

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

attorneys' fees and expenses.  Within twenty-one (21) days after the Settlement becomes Final, Defendants will transfer the necessary funds to the Settlement Administrator.

        d.    **Prior Releases Not a Bar.**  To the extent that a Plaintiff or a Class Member previously has executed a general release in exchange for a severance payment, the release will not bar participation in this Settlement, but any such release will remain in full force and effect for all other purposes.

    34.    **Media Contact.**  The Parties and their counsel will not issue any press releases or initiate any contact with the media about this case, the claims asserted in this Action, and/or the amount, or terms of the Settlement.  If counsel for either Party receives an inquiry about the Settlement from the media, counsel may respond only after the motion for preliminary approval has been filed and only by confirming the terms of the Settlement.

## IV.    MOTION FOR PRELIMINARY APPROVAL

    35.    Promptly upon the execution of this Settlement, the Parties will file a joint motion for preliminary approval of the Settlement, applying to the District Court for the entry of an order:

        a.    preliminarily approving the Settlement;

        b.    preliminarily certifying the Class for purposes of Settlement only;

        c.    approving David Sanford, Janette Wipper, and Jeremy Heisler of Sanford Heisler, LLP; as Class Counsel and Joe Lewis Luque and Herman Richardson as Class Representatives.

        d.    scheduling a fairness hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Class;

        e.    approving as to form and content the proposed Notice to the Class;

        f.    approving as to form and content the proposed Consent and Claim Form and Exclusion Form; and

        g.    directing the mailing of the Notice, the Consent and Claim Form, and the Exclusion Form;

## V.    NOTICE TO THE CLASS

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

36.     Within twenty (20) calendar days following the District Court's entry of its Order Granting Preliminary Approval of the Settlement, to the extent practicable, Defendants will provide to the Settlement Administrator and Class Counsel the names, last known addresses, last known telephone numbers, and Social Security numbers of the Class Members.  This information will be used solely for the purpose of facilitating this Settlement and may not be disclosed to any other individual or entity without the express written consent of Defendants. Class Counsel will provide the Settlement Administrator with data indicating the number of Compensable Workweeks for each Class Member. This data will be based on Defendants' payroll and other business records and will be provided in a format acceptable to the Settlement Administrator.   The Parties will consult with the Settlement Administrator prior to the production date to ensure that the format of the database will be acceptable to the Settlement Administrator.  The Settlement Administrator will not share the identity of individual Class Members with the Class Representatives or Class Counsel, except as otherwise provided herein.

37.     Within twenty (20) calendar days after receipt of the Class Member information from Defendants, to the extent practicable, the Settlement Administrator will consider address updates provided by Class Counsel and mail to all Class Members by regular first-class U.S. mail, the Notice, the Consent and Claim Form, the Exclusion Form, and a pre-addressed, postage-paid envelope ("the Notice Packet").   The Notice to the Class will be in the same form as Exhibit A attached to this Stipulation, subject to the District Court's approval.  The Claim Form and Exclusion Form will be in the same form as Exhibits B, C, D, E, F and G, respectively, subject to the District Court's approval.

38.     The Settlement Administrator will use all standard skip-tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notice Packets are sent to all Class Members.  With respect to returned Notice Packets, the Settlement Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

VI.    **CLAIM PROCESS**

39.     Class Members will have sixty (60) calendar days from the mailing (or re-mailing if the original mailing is returned due to inaccurate address information) of the Notice Packet to submit their

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

Consent and Claim Form.  Completed Consent and Claim Forms may be submitted to the Settlement Administrator via U.S. mail, facsimile, or e-mail.  No Consent and Claim Form or Exclusion Forms will be honored if submitted after the deadline to submit such forms, except as otherwise mutually agreed by the Parties or ordered by the District Court.  In the case of a mailed Consent and Claim Form, the postmark date will be deemed the date of submission.

40.    By submitting a Consent and Claim Form, a Class Member will be giving his or her consent to "opt in" as a party plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA").  The Consent and Claim Form shall contain language specifically so stating.

41.    If a Class Member submits a timely Consent and Claim Form that is rejected by the Settlement Administrator as deficient in some material respect (for example, the Class Member failed to sign every required portion of it), the Settlement Administrator will notify the Class Member in writing of the basis for the deficiency and give the Class Member a reasonable opportunity to cure the deficiency, including a follow-up telephone call, if necessary.  The Settlement Administrator will also provide the Class Member with Class Counsel's contact information in case the Class Member wishes to seek Class Counsel's assistance.  Class Members will have 20 days from notification of the deficiency to cure the deficiency, or until the end of the 60-day period for submitting a valid claim, whichever comes later.

42.    The Settlement Administrator will provide counsel for all parties with a semi-monthly report showing the number of Consent and Claims Forms received, the number of workweeks claimed, and any opt-outs and objections.  Twenty-one (21) days prior to the deadline to submit the Consent and Claim Forms, the Claims Administrator will send a postcard reminder notice to all Class Members who have not yet submitted Consent and Claim Forms.  At least ten (10) days prior to the deadline to submit Consent and Claim Forms, the Settlement Administrator will attempt to contact by telephone any Class Members who still have not submitted Consent and Claim Forms.

VII.    **RESOLUTION OF CLAIM DISPUTES**

43.    If a Class Member who receives a Consent and Claim Form wishes to dispute the number of Compensable Workweeks listed on the form, the Class Member may so notify the Settlement

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

Administrator and must produce supporting evidence to the Settlement Administrator of the dates the Class Member contends he or she worked in a Class Position.  Defendants and Class Counsel will review their records and provide information to the Settlement Administrator in response to any such disputed claims.  Counsel for the Parties will cooperate in attempting to informally agree upon and resolve any such disputes.  Defendants' records will be presumed determinative, but the Settlement Administrator will evaluate the evidence submitted by the Class Member and make the decision as to which dates should be applied.  The determination by the Settlement Administrator will be final and not subject to further review.

44.    The dispute-resolution procedure described in the preceding paragraph will also apply in cases, if any, where a person believes that he or she was wrongly excluded from the class list.

VIII.    **OBJECTIONS TO THE SETTLEMENT**

45.    Class Members who wish to object to the Settlement must submit to the Settlement Administrator, not later than sixty (60) days after the date that the Settlement Administrator first mails (or re-mails if the original mailing is returned due to inaccurate address information) the Notice Packet, a written statement objecting to the Settlement and setting forth the grounds for the objection.  Any written objection must reference the name of the case and case number, *Joe Lewis Luque, et al. vs. AT&T Corp, et al.*, 3:09-CV-05885 (CRB)(JCS), and must state:  (1) the Class Member's full name; (2) the Class Member's address; (3) the Class Position(s) held by the Class Member; and (4) in clear concise terms the basis of each objection, including the factual and legal arguments supporting the objection.  This statement also must indicate whether the Class Member intends to appear and object to the Settlement at the Final Approval Hearing. If the Class Member intends to be represented by his or her own counsel at the Final Approval Hearing, that counsel must also file a separate Notice of Appearance with the District Court and serve it on the Settlement Administrator not later than sixty (60) days after the date that the Settlement Administrator first mails (or re-mails if the original mailing is returned due to inaccurate address information) the Notice Packet. The failure to so indicate will constitute a waiver of the right to appear at the hearing, unless the District Court rules otherwise.  A Class Member who does not submit an objection in the manner and by the deadline specified above will

be deemed to have waived all objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the District Court.   Class Members who wish to object to Class Counsel's request for attorneys' fees and expenses may do so by following the same procedure as described above.

## IX.   **REQUESTS TO BE EXCLUDED FROM SETTLEMENT**

46.   Eligible Class Members who wish to exclude themselves from the Settlement ("opt out" of the Settlement) must submit to the Settlement Administrator, not later than sixty (60) days after the date that the Settlement Administrator first mails (or re-mails if the original mailing is returned due to inaccurate address information) the Notice Packet, a completed Exclusion Form (Exhibit G).   Exclusion Forms may be submitted to the Settlement Administrator via U.S. mail, facsimile, or e-mail.   If the District Court approves the Settlement, a Class Member who does not complete and submit a timely Exclusion Form in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement and by the Judgment, regardless of whether he or she submits a Consent and Claim Form; provided, however, that Class Members who do not complete and submit Consent and Claim Forms will not be bound by the Arbitration Agreement nor be deemed to have submitted a Job Duties document included on the Consent and Claim Forms.   A Class Member who timely submits an Exclusion Form will not participate in, or be bound by, the Settlement or the Judgment in any respect. Class Members who submit an Exclusion Request will not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

47.   If a Class Member completes and submits both a Consent and Claim Form and an Exclusion Form, the Settlement Administrator will contact the Class Member to obtain clarification of the Class Member's intent.   In the event that the Settlement Administrator is unable to obtain clarification of the Class Member's intent by the time of the Final Approval Hearing, it will be presumed that the Consent and Claim Form is controlling, and such Class Member will remain a member of the Class, be paid a Settlement Share, and be bound by the terms of the Settlement.   The Settlement Administrator will provide all counsel with the name and contact information of any Class Member who submits both a Consent and Claim Form and an Exclusion Form, to be provided within two (2) days of

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

receipt by the Administrator. If the parties cannot agree, the District Court will be the final arbiter with respect to any disputes as to whether a person has filed a valid Consent and Claim Form, a valid Exclusion Form, a valid objection to the Settlement, a valid dispute as to the number of Compensable Workweeks, and/or a valid dispute as to the person's inclusion or exclusion from the list of eligible Class Members.

X.    **ADDITIONAL BRIEFING AND FINAL APPROVAL**

48.    As soon as practicable following the deadline for the filing of claims, the Parties will jointly file with the District Court a motion for final approval of the Settlement and a memorandum in support of their motion.  Plaintiffs and Class Counsel may as part of the application separately move for an award of the Service Payments and Class Counsel's attorney's fees and expenses, together with a memorandum in support of their motion, which Defendants will not oppose provided it complies with sections 28 and 30.  Class Counsel will prepare the motion for final approval and will provide Defendants' counsel the opportunity to review and comment on the motion before it is filed.

49.    At the time the Parties file their motion for final approval of the Settlement, Class Counsel will provide the District Court with a declaration executed by the Settlement Administrator, specifying the due diligence the Settlement Administrator has undertaken with regard to the mailing of the Notice; verifying its settlement administration fees and expenses; and reporting on the number of claims, objections, disputes (and status), weeks claimed, average value per workweek claimed, average claim value, and opt-outs submitted.

50.    Not later than five (5) court days before the Final Approval Hearing, the Parties may file, jointly or separately, a reply in support of their motion for final approval of the Settlement, in the event any opposition to the motion for final approval has been filed.  Likewise, Plaintiffs and Class Counsel may file replies in support of their motions for the service payments to the Class Representatives and Other Service Payment Recipients, and Class Counsel's attorney's fees and expenses, in the event any opposition to their motion for such payments, fees, and/or expenses has been filed.

51.    Upon filing their motion for final approval of the Settlement, the Parties will submit proposed orders:

   a.  approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

   b.  approving the service payments to the Class Representatives and Other Service Payment Recipients, the payment to the LWDA, the settlement administration fees and expenses, and Class Counsel's attorneys' fees and expenses;

   c.  dismissing this Action on the merits and with prejudice and permanently enjoining the Class Representatives and all Class Members (other than those who timely submitted Exclusion Forms) from prosecuting against the Released Parties any and all of the released claims.

   52. After entry of the orders described in section 51, the District Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of enforcing the Settlement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

## XI. USE AND RETURN OF DOCUMENTS

   53. All originals, copies, and summaries of documents provided to Class Counsel by Defendants or to Defendants by Class Counsel on behalf of their clients in connection with the Action, including, but not limited to, the mediation or other settlement negotiations as well as all deposition testimony or transcripts, may be used only with respect to this Action and this Settlement, and for no other purpose and may not be shared with anyone other than counsel for the Parties, their employees, or the Settlement Administrator except if compelled by subpoena or otherwise pursuant to a legal obligation.  Within 30 days after the Judgment becomes Final, counsel will return or destroy and confirm in writing the destruction of all such documents exchanged.

## XII. **RELEASE OF CLAIMS**

   54. **Claims Released by Class Representatives and Class Members.**  Upon the District Court's final approval of the Settlement, all Class Members (other than those who timely submitted Exclusion Forms) hereby fully and finally release and discharge Defendants, their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers,

directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives (collectively, "the Released Parties") from all known and unknown claims they may have against the Released Parties arising from or related to allegations of having not been paid all wages owed in accordance with California or federal law, and any other wage-and-hour or related claims that were or could have been alleged in Plaintiffs' complaint in the Action or derive from the same factual predicate, to the fullest extent permitted by law, including, but not limited to, all claims of allegedly unpaid wages, including overtime wages; alleged meal and rest period violations; alleged pay stub violations; alleged failure to pay all wages due upon termination; alleged breach of contract or unjust enrichment; any and all related penalties, including but not limited to record-keeping penalties, pay stub penalties, waiting time penalties, and civil penalties; interest; liquidated damages; and attorneys' fees, costs and expenses, from December 16, 2005, up to and including the date of final court approval of the Settlement, whether arising under the California Labor Code; California Business and Professions Code section 17200 *et seq.*; the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*); the California Industrial Welfare Commission Wage Orders; the federal Fair Labor Standards Act ("FLSA"); or common law contract or tort law; provided, however, that Class Members who neither previously opted into the Action nor submitted a Consent and Claim Form do not release their claims under the FLSA (nor shall they receive any payments pursuant to this Settlement). This Settlement does not release claims that are not of a wage-and-hour or related nature, such as discrimination claims.

55. **Waiver of Unknown Claims.** As to their respective released claims, Class Members (other than those who timely submitted Exclusion Forms), and Class Representatives and Other Service Payment Recipients, waive all such claims, whether known or unknown, and therefore each waives all rights and benefits afforded by section 1542 of the Civil Code of the State of California from December 16, 2005, up to and including the date of final court approval of the Settlement, and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

XIII.   **EFFECT OF DENIAL OF COURT APPROVAL**

56.     Except as provided in sections 29 and 3, if the District Court does not grant final approval of the Settlement (including all material provisions of the Claim and Consent Form and the documents included therein), or if the District Court's final approval of the Settlement is reversed or materially modified on appellate review, and that court's decision is not completely reversed and approval of the Settlement is not fully affirmed on review by a higher court, then this Settlement will become null and void.  In such case, the Settlement and any releases, arbitration agreements, job duties documents, and other settlement documents executed by any Class Member thereunder will not be used or be admissible in any subsequent proceedings, either in this District Court or in any other court or forum.

XIV.   **EFFECT OF SETTLEMENT PAYMENTS ON BENEFITS**

57.     The settlement payments to Participating Class Members under this Settlement will not have any effect on the eligibility or calculation of any employee benefits.  The Parties agree that payment of Settlement Shares to Participating Class Members does not represent any modification of any employee's previously-credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored or administered by Defendants or any of their parents, subsidiaries, or affiliates.  Further, the settlement payments will not be considered wages, compensation, or annual earnings for benefits in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored or administered by Defendants or any of their parents, subsidiaries, or affiliates.

XV.   **PARTIES' AUTHORITY**

58.     The respective signatories to the Settlement warrant and represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

XVI.   **MUTUAL FULL COOPERATION**

59.     Class Counsel and Counsel for Defendants warrant and represent that they are authorized by their clients, respectively, to take all appropriate action required or permitted to be taken by such

Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

60.     The Parties will cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions as may reasonably be necessary to implement the terms of the Settlement.  The Parties will use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of the Settlement.

61.     Any dispute concerning the interpretation or implementation of this Settlement Agreement will be resolved by the District Court.  Prior to any such resort to the District Court, counsel for the Parties will confer in good faith to resolve the dispute.  If the parties are unable to resolve the dispute themselves, the dispute will be submitted to David Rotman for mediation before being submitted to the District Court, unless the Parties agree otherwise.

XVII.  **NO PRIOR ASSIGNMENTS**

62.     The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

XVIII.  **NO ADMISSION OF LIABILITY**

63.     Nothing contained in this Settlement will be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants.  The agreement is entered into solely for the purpose of compromising highly disputed claims.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation, and the attendant inconvenience and expense.  This Settlement will be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.  No term of this agreement or Settlement will constitute an admission by any party or counsel herein in any other litigation.

XIX.     **FAIR, ADEQUATE, AND REASONABLE SETTLEMENT**

64. The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent it to the District Court. In addition, the Parties may request that mediator David A. Rotman execute a declaration supporting the Settlement, and the District Court may, in its discretion, contact Mr. Rotman to discuss the Settlement and whether or not the Settlement is fair and reasonable.

## XX. **ENFORCEMENT ACTIONS**

65. In the event that one or more of the Parties institute any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement, or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties its or their reasonable attorneys' fees and expenses incurred in connection with any enforcement actions.

## XXI. **NOTICES**

66. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder will be in writing and will be deemed to have been duly given as of the third business day after mailing by United States first-class mail, return receipt requested, addressed as follows:

   a. <u>To the Class</u>:

   Janette Wipper
   SANFORD HEISLER, LLP
   555 Montgomery Street, Suite 1206
   San Francisco, California 94111

   b. <u>To Defendants</u>:

   Jeffrey D. Wohl
   PAUL HASTINGS LLP
   55 Second Street, 24th Floor
   San Francisco, California 94105

## XXII. **CONSTRUCTION**

67. The terms and conditions of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in its drafting.

## XXIII. **CAPTIONS AND INTERPRETATIONS**

68.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

## XXIV.  **MODIFICATION**

69.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the District Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XXV.  **INTEGRATION CLAUSE**

70.     This Settlement contains the entire agreement between the Parties relating to the resolution of the Action.  All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Joint Stipulation.  No rights under this Joint Stipulation may be waived except in writing.

## XXVI. **BINDING ON ASSIGNS**

71.     This Settlement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXVII.  **CLASS COUNSEL SIGNATORIES**

72.     Because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice, Exhibit A, will inform all Class Members of the binding nature of the release.  Excepting only the Class Members who timely submit an Exclusion Form, this Settlement will have the same force and effect as if it were executed by each Class Member, provided however that only Class Members who execute all of the documents required by the applicable Claim and Consent Form will receive payments pursuant to this Settlement.

## XXVIII.  **COOPERATION IN DRAFTING**

73.     The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

## XXIX.**COUNTERPARTS**

74.     This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all Parties.

## XXX. **WAIVER OF APPEALS**

75.     The Parties waive all appeals from the District Court's final approval of this Settlement, unless the District Court materially modifies the Settlement; provided, however, that Plaintiffs may appeal any reduction in the award of attorneys' fees and expenses (in such case this Settlement will not be Final until after the ultimate disposition of such appeal). Any reduction in the award of service payments to the Class Representatives and Other Service Payment Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

## XXXI. **NO TAX ADVICE**

76.     Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: November _12_
2012.

JOE LEWIS LUQUE

Dated: November ___,
2012.

HERMAN RICHARDSON

Dated: November _ ,
2012.

SANFORD HEISLER, LLP

By: _____ _____
David Sanford
Attorneys for Plaintiffs Joe Lewis Luque and
Herman Richardson

1

2      74.      This Settlement may be executed in counterparts, and when each Party has signed and

3  delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken

4  together with other signed counterparts, will constitute one Settlement, which will be binding upon and

5  effective as to all Parties.

6  XXX. **WAIVER OF APPEALS**

7      75.      The Parties waive all appeals from the District Court's final approval of this Settlement,

8  unless the District Court materially modifies the Settlement; provided, however, that Plaintiffs may

9  appeal any reduction in the award of attorneys' fees and expenses (in such case this Settlement will not

10 be Final until after the ultimate disposition of such appeal). Any reduction in the award of service

11 payments to the Class Representatives and Other Service Payment Recipients or Class Counsel's

12 attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and

13 will not be grounds to void the Settlement.

14 XXXI. **NO TAX ADVICE**

15     76.      Neither Class Counsel nor defense counsel intend anything contained herein to constitute

16 legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as

17 such.

18     Dated: November ___,            JOE LEWIS LUQUE
       2012.
19

20     _____

21     Dated: November 12,             HERMAN RICHARDSON
       2012.
22     _Herman C. Richardson_

23     Dated: November ___,            SANFORD HEISLER, LLP
24     2012.

       By: _____
25                                          David Sanford
                                    Attorneys for Plaintiffs Joe Lewis Luque and
26                                            Herman Richardson

27

28

                                       22      JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
                                               U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)

74.     This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all Parties.

## XXX.  **WAIVER OF APPEALS**

75.     The Parties waive all appeals from the District Court's final approval of this Settlement, unless the District Court materially modifies the Settlement; provided, however, that Plaintiffs may appeal any reduction in the award of attorneys' fees and expenses (in such case this Settlement will not be Final until after the ultimate disposition of such appeal).   Any reduction in the award of service payments to the Class Representatives and Other Service Payment Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

## XXXI. **NO TAX ADVICE**

76.     Neither Class Counsel nor defense counsel intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: November ___, 2012.

JOE LEWIS LUQUE

_____

Dated: November ___, 2012.

HERMAN RICHARDSON

_____

Dated: November 12, 2012.

SANFORD HEISLER, LLP

By: _____
David Sanford
Attorneys for Plaintiffs Joe Lewis Luque and
Herman Richardson

Dated: November ___, 2012.

AT&T CORP.
PACIFIC BELL TELEPHONE CO., D/B/A AT&T CALIFORNIA
AT&T COMMUNICATIONS OF CALIFORNIA, INC.

By: _____
     Bill Smith – President Network Operations

Dated: November 16, 2012.

J. AL LATHAM, JR
PATRICK W. SHEA.
JEFFREY D. WOHL
WILLIAM C. BARKER
JEFFREY P. MICHALOWSKI
PAUL HASTINGS LLP

By: _____
              Patrick W. Shea
          Attorneys for Defendants
    AT&T Corp., Pacific Bell Telephone Company,
   and AT&T Communications of California, Inc.

LEGAL_US_W # 73319036 1

JOINT STIP. OF CLASS SETTLEMENT AND RELEASE
U.S.D.C., N.D. Cal., No. 09-05885-CRB (JCS)