1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
3
4  JOE LEWIS LUQUE, *et al.,*              Case No. 3:09-CV-5885 (CRB)(JCS)
5      Plaintiffs,
6  v.
7  AT&T CORP., *et al.,*
8      Defendants.
9
10

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the Plaintiffs' unopposed Motion for Preliminary Approval of Settlement, under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), and upon the Court's review of the Settlement Agreement and exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, subject to the right of Class Members to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and expenses to Class Counsel, should not be entered following a Final Fairness Hearing.

2.  The Class is certified for settlement purposes pursuant to Federal Rules of Civil Procedure 23(b)(3) and the FLSA as follows:

> All persons who have been employed by Defendants at any time from December 16, 2005, through May 3, 2012, as first-level managers of outside technicians in California as specified in this paragraph. The Class consists of Pacific Bell Telephone Company employees in California holding the positions Manager Construction & Engineering ("C&E Field Manager"); Manager Network Services in Installation & Maintenance ("I&M Field Manager"); and/or Manager Network Services in U-verse ("U-verse Field Manager"); and/or AT&T Corp. employees in California holding the position Manager Network Operations Center ("T Corp Field Manager") who, while holding these position(s), supervised outside technicians in one of the following titles: Network Technical Specialist, Network Technical Specialist-G, Communications

Technician Toll, Company Telecommunications Technician, Outside Plant Technician, Premises Technician, Splicing Technician, Systems Technician, Services Technician, Antenna Technician, and Cable Locator (collectively "the Class Positions").

The FLSA collective action class will consist of members of the foregoing class who timely opted into this action or who opt in pursuant to the Settlement Agreement by filing consents to join with the Court.

3. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel David Sanford, Jeremy Heisler, and Janette Wipper of SANFORD HEISLER, LLP to represent the Settlement Class for purposes of the Settlement. The Court also appoints Joe Lewis Luque and Herman Richardson as Settlement Class Representatives.

4. The Court hereby approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice"), Consent and Claim Forms, and Exclusion Form, attached as Exhibits A-G to the Settlement Agreement. The Claims Administrator is directed to mail the Notice, Consent and Claim Forms, and Exclusion Form, pursuant to the Settlement Agreement following the entry of this Order, no later than twenty (20) days after receipt of Class Member information from Defendants or entry of this Order, whichever date is later, to the extent practicable.

5. The parties shall also publish the attached Publication Notice in Friday editions of the Los Angeles Times, San Diego Union Tribune and San Francisco Chronicle twice during the notice period.

6. Based on the terms of the Settlement Agreement, a settlement Class Member shall be eligible to receive a monetary award if the settlement Class Member submits a fully executed Consent and Claim Form to the Claims Administrator under the Settlement Agreement within sixty (60) days after Notice is first mailed by the Settlement Administrator (or re-mailed if the original mailing is returned due to inaccurate address information). The exclusive way of determining whether a Claim Form is timely and complete is detailed in the Settlement Agreement, Par. 33(a) and Parts VI and VII.

7. Based on the deadlines set forth in the Settlement Agreement, a Final Fairness Hearing shall take place at 10:00 AM on April 5, 2013 at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Charles R. Breyer, to determine whether the proposed

settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA and whether this action should be dismissed pursuant to the Settlement.

8.      Counsel for both parties shall jointly file a proposed Final Order and Judgment in support of Final Approval of the Settlement Agreement immediately following the Final Fairness Hearing.

9.      Kurtzman Carson Consultants LLC is hereby appointed Settlement Administrator and shall perform the duties set forth in the Settlement Agreement.

10.     Class Members shall be bound by the judgments in this case unless they exclude themselves from the Settlement in accordance with the terms of the Settlement Agreement. A settlement Class Member wishing to request exclusion shall do so by sending a completed Exclusion Form by mail, postmarked no later than sixty (60) days after Notice is first mailed by the Settlement Administrator (or re-mailed if the original mailing is returned due to inaccurate address information), to the Settlement Administrator at the addresses designated in the Notice.   The Exclusion Form must be personally signed by the settlement Class Member who seeks to opt out.  The request for exclusion shall not be effective unless it is fully executed and returned within the time stated above.

11.     The Court will consider objections to the Settlement if such written objections are permitted under the Settlement Agreement and submitted to the Settlement Administrator postmarked (if mailed), emailed, or faxed no later than sixty (60) days after Notice is first mailed by the Settlement Administrator (or re-mailed if the original mailing is returned due to inaccurate address information). Any objection must detail the specific reason for the objection as set forth in Par. 45 of the Settlement Agreement and must indicate if the Class Member intends to object at the Final Approval Hearing.  If the Class Member intends to be represented by his or her own counsel at the Final Approval Hearing, that counsel must also file a separate Notice of Appearance with the Court and serve it on the Settlement Administrator not later than sixty (60) days after the date that the Settlement Administrator first mails (or re-mails if the original mailing is returned due to inaccurate address information) the Notice Packet.

1  Class Members who fail to submit objections in the manner specified above shall be deemed to have
2  waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

3  12. The Court orders that, pending Final Approval, each member of the Settlement Class is
4  preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court
5  any claim, action or other proceeding that challenges or seeks review of or relief from any order,
6  judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

7  13. As of the date hereof, all proceedings in this case are stayed until further order of this
8  Court, except as may be necessary to implement the Settlement Agreement.

11  IT IS SO ORDERED, this <u>19th</u> day of <u>November</u>, 2012.



_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

LEGAL_US_W # 73108392.1